UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN MARCUM and TAMMY MARCUM,

    Plaintiffs,

vs.

                                USDC Case No. 08-15003

                                Honorable George Caram Steeh

HOME DEPOT USA, INC., d/b/a THE
HOME DEPOT, a Delaware company,

    Defendants.
and

ERVIN MARCUM and TAMMY MARCUM,

    Plaintiffs,

v.

THE STANLEY WORKS, a Connecticut corporation

    Defendant.
_____/

| | |
|---|---|
| Charles W. Wojno (P46725) | Carolyn M. Jereck (P41748) |
| BERGER, MILLER & STRAGER, P.C. | PLUNKETT COONEY |
| Attorney for Plaintiffs | Attorney for Defendant Home Depot |
| 333 West Fort Street, Suite 1400 | 38505 Woodward Avenue, Suite 2000 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| (313) 963-8700 | (248) 594-6363 |
| cwwbms@sbcglobal.net | cjereck@plunkettcooney.com |

Michael J. Sullivan (P35599)
David C. Anderson (P55258)
COLLINS, EINHORN, FARRELL & ULANOFF
Attorneys for Defendant Stanley Works
4000 Town Center, Suite 909
Southfield, MI 48075-1473
(248) 355-4141
michael.sullivan@ceflawyers.com
_____/

# **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

It being represented to the Court that Plaintiff has requested documents from Defendant HOME DEPOT USA, INC. (Home Depot) which may involve trade secrets, confidential research, proprietary materials, and development and/or commercial information belonging to Home Depot; and,

It being represented to the Court that Home Depot is herewith producing such documents for inspection and view in accordance with the terms of this Agreed Protective Order; and,

It being represented to the Court that the parties are in agreement as to the terms of this Confidentiality Stipulation and Protective Order, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED, pursuant to MCR 2.302(C)(8) that Home Depot will disclose documents that it designates "Confidential and Proprietary" to Plaintiff, Co-Defendants and/or their attorneys, only pursuant to this Protective Order and under the conditions that follow:

(1) Any and all of the aforesaid documents and materials disclosed by Home Depot and the contents thereof shall be maintained in confidence by Plaintiff, Co-Defendants and/or their attorneys. The aforesaid documents and materials shall not be photocopied or reproduced by any means without the prior consent of counsel for Home Depot until further order of this Court;

(2) Any and all of the aforesaid documents and materials produced by Home Depot and the contents thereof shall be used only in connection with the above-captioned action and shall not be used for any other purpose whatsoever;

(3) No person who examines any documents or materials produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the documents or materials, or the information contained therein, to any person not also authorized to examine the documents and materials under the terms of this Order;

(4) Plaintiff, Co-Defendants and/or their attorneys may permit a consultant or expert retained by Plaintiff to review the documents and materials subject to this Protective Order; but said attorneys must first obtain from such consultant or expert a written statement confirming the consultant's or expert's agreement to comply with each of the terms of this Protective Order. Each such consultant or expert shall agree in writing that such documents and materials, and the contents thereof, shall not be disclosed to any other person or entity and that said

documents and materials shall not be photocopied or reproduced by any means. Any documents or materials provided to any such consultant or expert must be returned to Home Depot within thirty (30) days of the conclusion of the above-referenced case pursuant to the terms of Paragraph 8 below;

(5) Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, materiality, privilege, or other grounds;

(6) Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or to use as evidence at the trial of this action any of the documents or materials subject to this Protective Order; and nothing contained herein shall be construed as a waiver of any objection which might be raised by any party as to the admissibility into evidence of any documents or other materials;

(7) At the conclusion of this action by settlement, jury verdict, non-suit, dismissal, or other disposition, by judgment order or otherwise, all of the documents and materials produced by Home Depot and designated as "Confidential and Proprietary" pursuant to this Protective Order, including any and all copies or renditions made from such documents and materials, shall be returned to Home Depot, through Home Depot's counsel, within thirty (30) days following the conclusion of this action;

(8) This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a memorandum of legal authority supporting the seal. See [Local Rule 5.3](Local Rule 5.3). The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

(9) Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

(10) A breach of the terms of this Protective Order may entitle Home Depot to appropriate sanctions, including but not limited to attorneys' fees and costs incurred In the enforcement of this Order.

IT IS SO ORDERED.

                                                  s/George Caram Steeh
                                                  UNITED STATES DISTRICT JUDGE

Dated: February 25, 2010

**Approved for entry by:**

| | |
|---|---|
| /s/Charles W. Wojno (by consent) | /s/Carolyn M. Jereck |
| Charles W. Wojno (P46725) | Carolyn M. Jereck (P41748) |
| BERGER, MILLER & STRAGER, P.C. | PLUNKETT COONEY |
| Attorney for Plaintiffs | Attorney for Defendant Home Depot |
| 333 West Fort Street, Suite 1400 | 38505 Woodward Avenue, Suite 2000 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| (313) 963-8700 | (248) 594-6363 |
| cwwbms@sbcglobal.net | cjereck@plunkettcooney.com |

/s/Michael J. Sullivan (by consent)
Michael J. Sullivan (P35599)
David C. Anderson (P55258)
COLLINS, EINHORN, FARRELL & ULANOFF
Attorneys for Defendant Stanley Works
4000 Town Center, Suite 909
Southfield, MI 48075-1473
(248) 355-4141
michael.sullivan@ceflawyers.com

Blmfield.12080.84534.1226252-1